# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Delone Leslie<br>　　　　　Debtor(s) | CHAPTER 13 |
| Nationstar Mortgage LLC d/b/a Mr. Cooper<br>　　　　　Secured Creditor<br>vs. | NO. 18-16697 AMC |
| Delone Leslie<br>　　　　　Debtor(s) | |
| William C. Miller Esq.<br>　　　　　Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by the Secured Creditor on the Debtor's residence is **$1,852.18**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2020 through November 2020 at $974.22/month |
| Suspense Balance: | ($96.26) |
| **Total Post-Petition Arrears** | **$1,852.18** |

2.  The Debtor(s) shall cure said arrearages in the following manner:

    a)  Beginning December 1, 2020 and continuing through May 2021, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$974.22** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$308.70** for the months of December 2020 through April 2021 and **$308.68** for the month of May 2021 towards the arrearages on or before the last day of each month at the address below:

ATTN: Bankruptcy Dept.
Nationstar Mortgage, LLC
PO Box 619094
Dallas, TX 75261-9741

        b)     Maintenance of current monthly mortgage payments to the Secured Creditor thereafter.

        3.     Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

        4.     In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

        5.     The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

        6.     If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

        7.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

        8.     The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 19, 2020  /s/Rebecca A. Solarz, Esq.
Rebecca A. Solarz, Esq.
Attorney for Movant

Date: 11/25/20  *[signature]*
Michael Seth Schwartz Esq.
Attorney for Debtor(s)

Date: December 1, 2020  /s/ Jack Miller, Esquire, for
William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this ___ day of _____, 2020. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan